CARLISLE TIRE AND RUBBER COMPANY, PLAINTIFF v. UNITED STATES, DEFENDANT

Before MALETZ, *Judge.*

Court No. 79-3-00423

(Dated November 17, 1981)

*Eugene L. Stewart* and *Daniel G. Rooney* for the plaintiff.

*J. Paul McGrath*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch (*Sheila N. Ziff* on the brief), for the defendant.

*Lauren R. Howard; Collier, Shannon, Rill & Scott* of counsel; for amicus curiae Bicycle Manufacturers Association of America, Inc.

MALETZ. *Judge:* Plaintiff, a domestic manufacturer of bicycle tires and tubes, challenged a negative countervailing duty determination published by the Secretary of the Treasury on January 8, 1979 involving bicycle tires and tubes from Taiwan, 44 F.R. 1815. In substance, the Secretary found that while Taiwanese bicycle tire and tube manufacturers received benefits from the Government of Taiwan, the amounts were *de minimis* and therefore not countervailable.

On June 18, 1981, this court denied the parties' cross-motions for summary judgment. The court, in addition, vacated the Secretary's negative countervailing duty determination; stayed the action; and remanded it to the Secretary of Commerce (to whom the functions

of the Secretary of the Treasury had been transferred) with directions to make and submit to the court within 120 days a redetermination. *Carlisle Tire and Rubber Company* v. *United States*, 1 CIT 352, 517 F. Supp. 704 (1981).[1]

In compliance with the court's order of June 18, 1981, the Secretary, on October 23, 1981, made and submitted to the court a redetermination that bicycle tires and tubes manufactured by the Taiwanese firm of Cheng Sin received bounties or grants in the net amount of 0.893 percent ad valorem. 46 F.R. 53201.

Subsequently, on November 16, 1981, plaintiff advised the court that it acquiesces in this redetermination.

Given these considerations, the court hereby affirms the results of this redetermination and directs the Secretary of Commerce to issue a countervailing duty order with respect to bicycle tires and tubes manufactured by Cheng Sin.

---

[1] In its opinion, the court observed that while it could decide *de novo* the issues presented, a remand would still be appropriate on the basis that a new investigation may lead to a countervailing duty redetermination with which plaintiff agrees, thereby obviating the need for a trial. 517 F. Supp. at 709. As indicated here, this is precisely what occurred.